**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58220-1-II |
| Respondent, | |
| v. | consolidated with |
| JAYNE RENEE BLUNK, | |
| Appellant. | |
| In the Matter of the Personal Restraint of: | No. 59700-4-II |
| JAYNE RENEE BLUNK | |
| Petitioner. | UNPUBLISHED OPINION |

VELJACIC, J. — Jayne R. Blunk appeals her conviction of felony violation of a domestic violence no-contact order, contending the arresting officer lacked probable cause to arrest her. She further contends that she was denied effective assistance of counsel and that sufficient evidence does not support her conviction. In her statement of additional grounds (SAG) for review, Blunk contends that a prior offense listed on her judgment and sentence has the wrong offense date and that her guilty plea to that offense was not made knowingly, intelligently, and voluntarily. In her consolidated personal restraint petition (PRP), Blunk realleges her contention that the wrong prior offense date is on her judgment and sentence. We affirm Blunk's felony violation of a domestic violence no-contact order conviction but grant her PRP in part to remand the matter to the trial

court for the ministerial task of correcting the scrivener's error on the judgment and sentence. We deny Blunk's PRP in part to the extent she requests that we remand for resentencing.

FACTS

In 2020, the trial court issued a domestic violence no-contact order, ordering Blunk to have no contact with Richard Neiworth for five years. This included not coming "within . . . 1,000 feet . . . of [his] residence." Ex. 1, at 1. In July 2022, police received a call that Blunk was near Neiworth's apartment. Aberdeen Police Department Officer Dillon Mitchell responded to the call.

Mitchell first verified that the no-contact order was still valid. He then located Blunk in a laundry room at Neiworth's apartment building and arrested her for violating the no-contact order. Blunk volunteered that "she was trying to get the order dropped" because "she was in love with [Neiworth] and that she needed to talk to [him]." Rep. of Proc. (RP) (Sept. 27, 2022) at 15. Because Blunk had previously violated the no-contact order, the State charged Blunk with felony violation of a domestic violence no-contact order with a special allegation that Blunk and Neiworth were intimate partners.

At Blunk's arraignment, the trial court accepted Blunk's not guilty plea and then asked if she had anything further. Defense counsel then stated that the affidavit of probable cause did not mention the location of the protected party, and therefore there was no probable cause to arrest Blunk.[1] The court responded that it disagreed, but Blunk could file a written motion. Blunk did not file a written motion and later stipulated to the admissibility of her statements at the time of arrest.

---

[1] The affidavit of probable cause is not included in our record.

During trial, Mitchell testified that he first verified that the no-contact order was valid. He then arrived at the apartment building, went to the side of the dwelling, and observed an open door next to apartment one, which is Neiworth's apartment. Mitchell described this room as a laundry room with a second room in the back. Mitchell estimated that this laundry room was about 30-to-50 feet from Neiworth's apartment. At this time, Mitchell did not observe anything relevant to the order violation investigation so he left to call the reporting party to get more information.

Mitchell testified that upon returning to the laundry room and announcing his presence, he saw someone run across the backroom's doorway. Mitchell announced his presence again and demanded whoever was there to come out. No one responded. Mitchell entered the backroom and found Blunk hiding in the corner.

Neiworth testified that he was previously in an intimate relationship with Blunk and that the laundry room was less than 100 feet from his apartment.

Blunk did not present a defense, but during closing arguments, defense counsel argued that Blunk and Neiworth were friends and occasionally were intimate but they would not be considered intimate partners.

The jury found Blunk guilty as charged. On Blunk's judgment and sentence under "Criminal History" it states that Blunk has a prior conviction for assault in the third degree that occurred on "12/22/2019." Clerk's Papers (CP) at 29. The offense actually occurred on "12/11/2019." Ex. 5, at 1.

Blunk appeals.

ANALYSIS

I.    PROBABLE CAUSE TO ARREST

Blunk first contends that Mitchell lacked probable cause to arrest Blunk for violation of a no-contact order. Therefore, Blunk asserts, her conviction must be reversed and dismissed. As an initial matter, Blunk misunderstands the role that a judicial determination of probable cause plays in Washington criminal procedure. First, as it relates to an arrest, it is axiomatic that an arrest must be predicated on probable cause, and that any evidence collected as a result of an unlawful arrest must be suppressed. U.S. CONST. amend. IV. Here, no evidence was collected as a result of Blunk's arrest. Moreover, she did not move to suppress any evidence below.

Second, when the government seeks to have a criminal defendant detained following a warrantless arrest, or to have conditions of release imposed, a judicial officer must first have made a finding of probable cause to support the criminal allegation on which the detention or conditional release is predicated. *See* CrR 3.2.1. A probable cause determination, however, is not the same as a finding of sufficient evidence. Insofar as Blunk suggests that a criminal prosecution cannot proceed without a judicial finding of probable cause, even for a defendant who is neither detained in jail nor out on conditional release, that is incorrect.

Washington does not require a judicial officer to examine the evidence upon which a charge is based to determine whether sufficient evidence exists to bind over a defendant for trial. In Washington, a criminal prosecution is commenced by the filing of an information, and unless a defendant files a motion to dismiss the charge under CrR 8.3(c) for lack of sufficient evidence, there is no procedure whereby a judicial officer must determine, in advance of trial, whether a criminal prosecution is predicated on sufficient evidence. Stated another way, a criminal prosecution can proceed even in the absence of a finding of probable cause by a judicial officer.

4

In that circumstance, it is simply the case that the defendant cannot be detained prior to trial, nor can the defendant be subjected to conditional release on any charge for which probable cause has not been found.

Because Blunk did not file a CrR 8.3(c) motion to dismiss her case before trial, she waived any claim that her case should have been dismissed prior to trial. Blunk's case proceeded to trial; therefore, our evaluation of the sufficiency of the evidence to support her conviction is governed by the traditional standard of review we apply to such claims. Her contention that her arrest was not predicated on probable cause is no longer amenable to a remedy, and we need not discuss it further.[2]

II. INEFFECTIVE ASSISTANCE OF COUNSEL

Blunk next contends that she was denied her right to effective assistance of counsel when defense counsel did not file a motion challenging whether Mitchell had probable cause to arrest her, and when defense counsel stipulated to the admissibility of Blunk's statements under CrR 3.5. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). Washington has adopted *Strickland*'s two-pronged test requiring defendants to show both deficient performance by counsel and resulting

---

[2] Even if this assignment of error was reviewable in this appeal, Blunk has not included the affidavit of probable cause as part of our record on appeal. RAP 9.6(a) states that it is the appellant's responsibility to "perfect the record" on appeal. Blunk has failed to do so. Because the appellant bears the burden of perfecting the record, the failure to designate necessary materials precludes our review. *See State v. Drum,* 168 Wn.2d 23, 38 n.3, 225 P.3d 237 (2010).

prejudice. *Estes*, 188 Wn.2d at 457-58 (citing *Strickland*, 466 U.S. at 687). A failure to prove either prong ends our inquiry. *State v. Classen*, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018).

We review ineffective assistance of counsel claims de novo. *Estes*, 188 Wn.2d at 457. In evaluating a claim of ineffective assistance, "we examine the advocacy of the defendant's attorney and determine if that advocacy was commensurate with that of a reasonably prudent attorney." *State v. Greiff*, 141 Wn.2d 910, 924-25, 10 P.3d 390 (2000). The inquiry is whether counsel's assistance was "reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. And to show prejudice, Blunk must establish "'there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Gerdts*, 136 Wn. App. 720, 726-27, 150 P.3d 627 (2007) (quoting *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)). In this context, Blunk must show that if defense counsel brought a motion he likely would have been successful. *Id.*

A.      Motion to Dismiss for Lack of Probable Cause to Arrest

As we explained above, a finding of probable cause is not a necessary predicate to the State being permitted to maintain a criminal charge and proceed to trial on that charge. At best, a successful argument on counsel's part that Blunk's arrest lacked probable cause would have resulted in the preclusion of the trial court's ability to order either pretrial detention or conditions of release. That argument is now moot as there is no relief we can currently provide as it relates to pretrial confinement.

B.      Stipulation to Blunk's Statements

Blunk argues that counsel should have moved to suppress the statements Blunk made at the time of her arrest. In order to prevail on a claim that counsel was ineffective for failing to file a motion to a suppress, a defendant must show that such a motion would have been successful in

6

order to demonstrate prejudice. Here, as noted above, we do not have the affidavit of probable cause in our record because Blunk failed to designate it.

But our record does show that Mitchell testified at trial that he verified the validity of the no-contact order prior to contacting Blunk. The order required Blunk to not come "within . . . 1,000 feet . . . of [Neiworth's] residence." Ex. 1, at 1. When Mitchell arrived at the apartment building, he testified that he located Blunk in the laundry room next to Neiworth's apartment. Mitchell estimated that this laundry room was about 30-to-50 feet from Neiworth's apartment. As Mitchell arrested Blunk, she volunteered that "she was trying to get the order dropped" because "she was in love with [Neiworth] and that she needed to talk to [him]." RP (Sept. 27, 2022) at 15. In light of these facts, Blunk has not shown that the trial court would have found that her arrest was unlawful and that her contemporaneous, spontaneous statements would have been suppressed. Accordingly, Blunk cannot show that she was prejudiced and her claim of ineffective assistance fails.[3]

III.    SUFFICIENCY OF THE EVIDENCE

Blunk contends that sufficient evidence does not support her felony violation of a domestic violence no-contact order conviction because the State failed to prove that she knowingly violated a no-contact order. We disagree.

---

[3] To the extent that Blunk's claim is that counsel was ineffective for choosing to stipulate to the admissibility of her statements under CrR 3.5, which is a related although slightly different argument than that counsel should have brought a motion to suppress, this argument fails because Blunk cannot show deficient performance. In general, a stipulation to the admissibility of evidence is a tactical decision. *State v. Mierz*, 127 Wn.2d 460, 476, 901 P.2d 286 (1995). Here, defense counsel's trial strategy was to challenge the special allegation that Blunk and Neiworth were intimate partners. Stipulating to the admission of Blunk's statements that she was aware of the no-contact order was a tactical decision, and Blunk has not shown that it was unreasonable. Accordingly, Blunk does not show that she was denied effective assistance of counsel on this basis either.

7

The test for determining the sufficiency of evidence is whether any rational trier of fact could find all the elements of the charged crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State. *State v. Dreewes*, 192 Wn.2d 812, 821, 432 P.3d 795 (2019). We resolve all reasonable inferences based on the evidence in favor of the State and interpret inferences most strongly against the defendant. *Id.* at 821-22. And we defer to the fact finder's resolution of conflicting testimony and evaluation of the evidence's persuasiveness. *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014).

A person commits the crime of felony violation of a no-contact order "when she knows of the existence of a no-contact order and knowingly violates a provision of the order, and the person has twice been previously convicted [of] violating the provisions of a court order." CP at 16 (jury instruction 4); RCW 7.105.450(5). A person acts knowingly if "[h]e or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense." RCW 9A.08.010(1)(b)(i).

Blunk argues that the State failed to prove that she "knowingly contacted the protected party." Br. of Appellant at 19. But the order that Blunk was convicted of violating states that she may not come "within . . . 1,000 feet . . . of [Neiworth's] residence." Ex. 1, at 1. When Mitchell arrived at Neiworth's apartment building, Mitchell testified that he located Blunk in the laundry room next to Neiworth's apartment. Mitchell estimated that this laundry room was about 30-to-50 feet from Neiworth's apartment. Neiworth confirmed that the laundry room was less than 100 feet from his apartment. Furthermore, Blunk acknowledged that there was a no-contact order and that she was violating it to talk to Neiworth about dropping it. Viewing this evidence in a light most favorable to the State, a rational trier of fact could find all the elements of the charged crime beyond a reasonable doubt. Accordingly, sufficient evidence supports Blunk's conviction.

IV.     SAG AND PRP ISSUE

In both her SAG and PRP, Blunk argues that the date of a prior offense is incorrectly listed on her judgment and sentence. We agree.

On Blunk's judgment and sentence under "Criminal History" it states that Blunk has a prior conviction for assault in the third degree that occurred on "12/22/2019." CP at 29. The offense actually occurred on "12/11/2019." Ex. 5, at 1. We agree that Blunk's judgment and sentence contains a scrivener's error that needs to be corrected. Blunk requests that we either remand for correction or remand for resentencing without the conviction. We grant Blunk's PRP in part in favor of remanding for correction and deny in part her request for resentencing.

Blunk also appears to argue in her SAG that she is not guilty of the 2019 assault and did not knowingly, intelligently, and voluntarily enter a guilty plea to the offense. But the order designated in her notice of appeal was the 2022 judgment and sentence on her current offense. Under RAP 5.3(a), "A notice of appeal must . . . designate the decision or part of decision which the party wants reviewed." She did not designate the 2019 judgment and sentence. Besides, an appeal of that conviction would be untimely under RAP 5.2(a). Accordingly, we decline to address this issue further.

CONCLUSION

Based on the above, we affirm Blunk's judgment and sentence but we grant her PRP in part. We remand the matter to the trial court for the ministerial task of correcting the scrivener's error on the judgment and sentence with the correct date of her 2019 assault in the third degree conviction. We otherwise deny Blunk's PRP.[4]

---

[4] Given our disposition of this matter, we deny Blunk's motion for the appointment of counsel on her PRP.

9

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Glasgow, J.

Cruser, C.J.